UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TRAVIS CUNNINGHAM,

    Petitioner,

v.                                          Case No. 4:21-cv-273-MW-MJF

CHIP WOOD, *et al.,*

    Respondents.
_____/

## REPORT AND RECOMMENDATION

Travis Cunningham, proceeding *pro se*, has filed a pleading titled "Writ of Habeas Corpus – Affidavit of Indigency – Tort Claim." (Doc. 1). The clerk of the court docketed Cunningham's pleading as a petition for writ of habeas corpus under 28 U.S.C. 2254. The undersigned concludes that this case should be transferred to the United States District Court for the Middle District of Florida based on jurisdiction and venue considerations.[1]

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background

Cunningham is a pretrial detained confined at the Volusia County Correctional Facility. Cunningham's pleading names five "Defendants:" Chip Wood, the Sheriff of Volusia County; the State of Florida; the Daytona Beach Life Guard Department; "Centurion Medical Faculty;" and Ms. Jackson. (Doc. 1 at 1). Cunningham is suing the Defendants for damages based on the following claims:

> Claim One: Sheriff Wood is falsely imprisoning Plaintiff and subjecting him to dangerous conditions of confinement.
>
> Claim Two: The Seventh Judicial Circuit Court for the State of Florida engaged in "judicial misconduct" with regard to Cunningham's first appearance, and is falsely imprisoning him.
>
> Claim Three: The Daytona Beach Life Guard Department falsely arrested Cunningham and caused him duress.
>
> Claim Four: Centurion quarantined Cunningham in a jail unit with people infected with COVID-19, and delayed pulling his tooth for one month.
>
> Clam Five: Ms. Jackson tortures inmates who are mentally ill by placing them in a small observation cell for 24 hours without clothing.

(*Id*. at 1-2).

## II. Discussion

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254 [or § 2241], and a complaint under the Civil Rights Act of 1871, . . . as amended, 42 U.S.C. § 1983." *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Challenges to the validity of

confinement or to its duration are within the province of habeas corpus, while requests for relief relating to the circumstances of confinement may be presented in a § 1983 action. *Id*.; *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006). Federal courts have recognized that a prisoner may challenge, under § 1983, an arrest made without probable cause (that does not implicate the validity of a criminal conviction), *Kingsland v. City of Miami*, 382 F.3d 1220, 1232 (11th Cir. 2004), a condition of confinement, *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), as well as a failure to provide adequate medical care, *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

Although the clerk of the court docketed Cunningham's pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2254, that section does not apply because Cunningham is not "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Rather, Cunningham is a pretrial detainee. Construing Cunningham's pleading as a petition for writ of habeas corpus under 28 U.S.C. § 2241, this District Court lacks jurisdiction to review the petition, because Cunningham is not confined in this judicial district—he is confined within the Middle District of Florida. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443-44 (2004); *see also id.* at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." (citation omitted)).

Construing Cunningham's pleading as a civil rights complaint under 42 U.S.C. § 1983, this case still is due to be transferred to the Middle District of Florida based on venue considerations. Venue for actions under 42 U.S.C. § 1983 is governed by 28 U.S.C. § 1391(b), which provides:

> A civil action may be brought in (1) a judicial district in which any defendant resides if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

*Id.* "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought." 28 U.S.C. § 1404(a). The decision to transfer an action is left to the "sound discretion of the district court . . . ." *Roofing & Sheeting Metal Servs. v. La Quinta Motor Inns*, 689 F.2d 982, 985 (11th Cir. 1982). Such transfers may be made *sua sponte* by the district court. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989); *Robinson v. Madison*, 752 F. Supp. 842, 846 (N.D. Ill. 1990) ("A court's authority to transfer cases under § 1404(a) does not depend upon the motion, stipulation or consent of the parties to the litigation.").

Traditional venue considerations pertinent to the private interests of the parties include: "the relative ease of access to sources of proof; availability of

compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). There also are public factors relevant to venue, including the "local interest in having localized controversies decided at home" and "the unfairness of burdening citizens in an unrelated forum with jury duty." *Id*.

The events giving rise to Cunningham's claims occurred in Volusia County, which is located in the Middle District of Florida. The facility at which Cunningham is confined is located in the Middle District, as is the state circuit court presiding over his criminal case. The individual Defendants reside in the Middle District, as do, presumably, witnesses. This case bears little, if any relation to the Northern District of Florida. For the convenience of the parties and the public, and in the interest of justice, this case should be transferred to the Middle District of Florida.

### III.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. This case be **TRANSFERRED** to the United States District Court for the Middle District of Florida.

2.  The clerk of court close this case file.

At Pensacola, Florida, this 9th day of July, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**